UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CARRIE BERZINS, an individual,**

        **Plaintiff,**

vs.

CASE NO.

**WALMART INC., a Foreign for Profit Corporation, d/b/a Walmart, and WAL-MART STORES EAST, L.P., a Foreign for Profit Limited Partnership,**

        **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, Carrie Berzins ("Berzins" or "Plaintiff") by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, Walmart, Inc., a Foreign for Profit Corporation, d/b/a Walmart, and Wal-Mart Stores East, L.P., a Foreign for Profit Limited Partnership (together "Walmart" or "Defendants") and states:

## PRELIMINARY STATEMENT

    1.    This is a claim by Plaintiff CARRIE BERZINS against her former employer, Walmart, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

    2.    In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Berzins with unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. §

2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

3. The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a). Congress also found it to be "desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id*.

4. ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

5. Plaintiff, Carrie Berzins, suffers from a disability that is also a chronic health condition entitling her to benefits under the FMLA. Ms. Berzins made Defendants aware of her condition, and her need for a reasonably necessary medical accommodation i.e. leave. On August 4, 2018, while at work, Ms. Berzins suffered a severe attack due to her medical condition and

had to leave work. Ms. Berzins called the Walmart "out line" for the next two days and then requested and was approved for FMLA. After her FMLA leave Ms. Berzins returned to work without any restrictions. Ms. Berzins was placed in the "inner seal" accounting office a position that did not require her to walk around the store or be exposed to the outside elements. Subsequent thereto, due to a shortage of management on the floor, Ms. Berzins was required to leave the office and handle management duties on the floor, as a result Ms. Berzins was required to continuously walk throughout the store and was unable to take a break, as a result Ms. Berzins suffered another attack, paramedics were called to the store and Ms. Berzins was taken from Walmart by ambulance. Ms. Berzins returned to work the following day.

6. In November Ms. Berzins utilized the Walmart "call out" line and received a confirmation number for each day. In addition, in November Berzins notified Sedgwick she would need additional FMLA leave and Sedgwick was required to provide Ms. Berzins with the FMLA Package within 10 days .[1] Between the 19th and the 29th, Ms. Berzins spent more time in the hospital than out of it. On November 26, Ms. Berzins was readmitted to Florida Memorial to the "step down ICU unit", and she was discharged on November 29. After being released from the hospital Ms. Berzins attempted to fill her prescription and was advised that she was no longer insured. Ms. Berzins contacted Walmart's corporate office and was informed that she had been terminated effective November 26. Ms. Berzins' termination interfered with her rights under the FMLA and Section 510 of ERISA and was in retaliation after she requested additional FMLA leave.

7. Respondent's actions violate the FMLA. The stated reasons for Ms. Berzins' termination were manufactured after she disclosed her need for additional FMLA leave as a means of discriminating and retaliating against Ms. Berzins and/or interfering with her rights

---

[1] Ms. Berzins never received the FMLA package.

under the FMLA.

8. Accordingly, Ms. Berzins seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendant's actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act and 29 U.S.C. § 1132(e) ERISA and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

10. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district, and the majority of the acts complained of took place in this judicial district.

## PARTIES

11. At all times material hereto, Ms. Berzins was a resident of Volusia County, Florida.

12. At all times material to this action, Walmart, Inc., was and continues to be a Foreign for Profit Corporation, doing business in St. Johns County, Florida, and has continuously had at least 100 employees.

13. At all times material to this action, Wal-Mart Stores East, L.P., was and continues to be a Foreign for Profit Limited Partnership, doing business in St. Johns County, Florida, and

has continuously had at least 100 employees.

14. Further, at all times material to this action, Defendants were, and continue to be, engaged in business in Florida, doing business in St. Johns County, Florida, and operate under the corporate umbrella of Walmart, Inc.

15. At all times material to this action, Defendants operated a Walmart Supercenter, Store Number 579, within St. Johns County, Florida, located at 2355 U.S. Highway 1 South, St. Augustine, Florida 32086.

16. At all times material to this action, Defendants were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

18. Defendants are an employer under the FMLA because they engaged in commerce or in an industry affecting commerce and employed 100 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

19. At all times relevant hereto, Defendants are an employer as defined by 29 U.S.C. 2611(4).

20. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

21. From in or around March 2017 to her termination on or about November 26, 2018, Plaintiff was employed by and working for Defendants at the Walmart Superstore located at: 2355 U.S. Highway 1 South, St. Augustine, Florida 32086, as a Customer Service Manager.

22. At all times relevant hereto, Plaintiff worked at a location where Defendants,

employed 100 or more employees.

23. At all times material to this action Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

24. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## GENERAL ALLEGATIONS

25. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq, because Plaintiff validly exercised her rights pursuant to the FMLA and Defendants: (i) interfered with Plaintiff's right to take FMLA leave; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for taking FMLA leave; and (iv) retaliated against Plaintiff because she sought leave, took leave, and would need FMLA leave at a future date.

26. At all times relevant to this action, Plaintiff disclosed her need to use medical benefits provided by the Defendants' health and wellness medical benefits policies, and was subsequently discriminated and retaliated against because of her need to use such benefits and actual use of such benefits.

27. Defendants operate a chain of Department and Grocery stores doing business as "Walmart". In 2017, Ms. Berzins was hired as a Customer Service Manager at the Defendants' Superstore located in St. Augustine, Florida.

28.     Ms. Berzins continued to work as a Customer Service Manager until her wrongful termination on or about November 26, 2018.

29.     At all times relevant hereto the Defendant was aware that Ms. Berzins suffered from a disability, which was also a chronic medical condition, requiring medical care and a reasonably necessary medical accommodation.

30.     On August 4, 2018, while at work, Ms. Berzins suffered a severe attack due to her medical condition and had to leave work. Ms. Berzins called the Walmart "out line" for the next two days and then requested and was approved for FMLA.

31.     After her FMLA leave Ms. Berzins returned to work without any restrictions.

32.     Ms. Berzins was placed in the "inner seal" accounting office, a position that did not require her to walk around the store or be exposed to the outside elements.

33.     Notwithstanding, Ms. Berzins suffered another attack of her serious medical condition, and paramedics were called to the store.  Ms. Berzins was taken from Walmart by ambulance to the hospital, where she remained overnight, and Ms. Berzins returned to work the following day.

34.     In November Ms. Berzins utilized the Walmart "call out" line and received a confirmation number for each day.  In addition, in November Berzins notified Sedgwick she would need additional FMLA leave and Sedgwick was required to provide Ms. Berzins with the FMLA Package within 10 days.

35.     Between the 19th and the 29th, Ms. Berzins spent more time in the hospital than out of it.  On November 26, 2018, Ms. Berzins was readmitted to Florida Memorial to the "step down ICU unit", and she was discharged on November 29, 2018.

36.     After being released from the hospital, Ms. Berzins attempted to fill her prescription and was advised that she was no longer insured.

37. Ms. Berzins contacted Walmart's corporate office and was informed that she had been terminated effective November 26, 2018.

38. While in the hospital, out on FMLA leave and after contacting Defendant and requesting the paperwork for additional FMLA leave, the Defendant terminated Berzins employment.

39. The stated reasons for Ms. Berzins' termination were manufactured after she disclosed her need for leave as a means of discriminating and retaliating against her and/or interfering with her rights under the FMLA.

40. Defendants' reason for terminating Berzins was pre-textual and was manufactured, post hoc, after she engaged in activities protected by the FMLA and ERISA.

41. At the time of her termination, Plaintiff was eligible for FMLA leave.

42. At the time of her termination, Plaintiff was eligible for leave pursuant to Defendants' leave program.

43. At the time of her termination, Plaintiff was enrolled in a defined ERISA benefit plan of the Defendants.

44. At the time of her termination, Plaintiff was eligible to obtain medical care and utilize the medical insurance health benefits offered by the Defendants.

45. At the time of her termination, Plaintiff provided notice(s) to Defendants of her need for FMLA covered leave.

46. Plaintiff's notice(s) for her need for leave was sufficient to alert Defendants that her request was for FMLA covered leave.

47. Plaintiff's notice(s) for her need for FMLA covered leave was timely.

48. Plaintiff's notice(s) for her need for FMLA covered leave complied with Defendants' company policy, if any, regarding requests for time off.

49. Plaintiff was entitled to leave as defined by the FMLA for her continued medical treatment for her chronic medical condition.

50. Plaintiff was, at all times relevant, a qualified employee as defined by the FMLA.

51. At all times relevant, Plaintiff provided Defendants with enough information so that Defendant could reasonably determine whether the FMLA applied to her need for requested leave.

52. Defendants' termination of Plaintiff interfered with her right to take available FMLA-covered leave.

53. Defendants' termination of Plaintiff interfered with her right to reinstatement to the same or similar position after taking available FMLA-covered leave.

54. Defendants' termination of Plaintiff was in retaliation for Plaintiff requesting and/or taking FMLA-covered leave.

55. Defendants' termination of Plaintiff was in retaliation for Plaintiff notifying Defendant of her need to take FMLA covered leave at a future date.

56. Defendants' termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

57. Defendants' termination of Plaintiff interfered with the rights afforded to Plaintiff by the FMLA.

58. Defendants' decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

59. Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave were a substantial or motivating factor in Defendants' decision to terminate her employment.

60. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's taking of leave and need for time off work under the FMLA.

61. Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

  a. An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

  b. An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

  c. An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

  d. An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

  e. An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

62. Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

63. Defendants' actions violate the provisions of 29 U.S.C. §2615(a).

64. Defendants' actions violate the provisions of 29 U.S.C. §2614(a).

65. Defendants' actions constitute interference with Plaintiff's rights under the FMLA.

66. Defendants' actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

67. Defendants' actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

68. Defendants' decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

69. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

70. Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under this ERISA-covered plan was a substantial or motivating factor in Defendants' decision to terminate her.

71. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

72. Defendants' actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

73. Defendants' actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

74. Defendants' actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

75. Defendants are liable for the actions of its supervisors, managers and/or agents taken within the scope of their employment with Defendants and their related entities, including the decision to terminate Plaintiff.

76. Defendants' actions, if left unchecked, will deter other employees from exercising their rights under the FMLA and ERISA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

77. Plaintiff re-alleges paragraphs 1 through 76 of the Complaint, as if fully set forth herein.

78. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

79. Defendants were Plaintiff's employer as defined by the FMLA.

80. At all times relevant hereto, Defendants interfered with Plaintiff's right to take FMLA leave under the FMLA.

81. At all times relevant hereto, Defendants interfered with Plaintiff's right to manage her own leave under the FMLA.

82. At all times relevant hereto, Defendants interfered with Plaintiff's right to be reinstated to the same or similar position at the end of her FMLA leave.

83. At all times relevant hereto, Defendants' interference with Plaintiff's right to leave and reinstatement violated the FMLA.

84. At all times relevant hereto, Defendants' interference with Plaintiff's right to manage her own leave violated the FMLA.

85. Plaintiff has a chronic serious medical condition, which resulted in a couple of severe attacks that required hospitalization for the treatment of her condition.

86. Plaintiff was entitled to FMLA protected leave.

87. Defendants are subject to the requirements of the FMLA.

88. Plaintiff was hospitalized and out on approved FMLA and provided Defendant with adequate notice of her need for additional FMLA leave and requested the paperwork for additional covered FMLA leave.

89. Defendants were aware of Plaintiff's need for future FMLA protected leave.

90. Plaintiff had not exhausted her entitlement to FMLA leave at the time of her termination.

91. Defendants terminated Berzins while she was hospitalized or shortly after her release from the hospital and while she was out on approved FMLA leave, and after she requested the paperwork for additional FMLA leave.

92. By terminating Plaintiff with actual knowledge of her need for future FMLA leave, the Defendants interfered with Plaintiff's right for leave, reinstatement, and to future FMLA benefits.

93. Defendants' violation of the FMLA was willful, as its supervisors and/or managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

94. Plaintiff was denied benefits to which she was entitled under the FMLA.

95. As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

96. Plaintiff is entitled to liquidated damages because Defendants cannot show that their violation of the FMLA was in good faith.

97. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, Carrie Berzins, respectfully requests entry of:

    a. judgment in her favor and against Defendants for their interference with her rights under the FMLA;

    b. judgment in her favor and against Defendants for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c. judgment in her favor and against Defendants for her reasonable attorney's fees and litigation expenses;

      d.      judgment in her favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

      e.      declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

      f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## FMLA RETALIATION

98. Plaintiff re-alleges paragraphs 1 through 76 of the Complaint, as if fully set forth herein.

99. At all times relevant hereto, Defendants retaliated against Plaintiff, at least in part because Plaintiff wished to exercise her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

100. With actual knowledge that Plaintiff was hospitalized or shortly after her release from the hospital and while she was out on approved FMLA leave, and after she requested the paperwork for additional FMLA leave, Defendants terminated Plaintiff's employment.

101. At all times relevant hereto, Defendants retaliated against Plaintiff in violation of the FMLA.

102. As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

103. Because Defendants cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

104. Defendants' violation of the FMLA was willful, as its supervisors, managers, and human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, Carrie Berzins, respectfully requests entry of:

a. judgment in her favor and against the Defendants for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against the Defendants for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against the Defendants for her reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendants for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendants' actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## VIOLATION OF SECTION 510 ERISA

105. Plaintiff re-alleges paragraphs 1 through 76 of the Complaint, as if fully set forth herein.

106. Defendants provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

107. Beginning in 2017 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

108. Defendants were aware that Berzins suffered from a disability and chronic health condition, requiring constant medical care. Defendants were aware that while at work Ms. Berzins suffered a severe attack and had to leave work and subsequent thereto requested and was granted approved FMLA leave for her medical condition.

109. Defendant had actual knowledge that Ms. Berzins suffered another severe attack, paramedics were called to the store and Ms. Berzins was taken from Walmart by

ambulance; as a result of this attack Ms. Berzins requested and was granted FMLA leave.

110. Defendant terminated Berzins' employment while she was out on approved FMLA leave and with actual knowledge of her request for the FMLA paperwork for additional FMLA leave.

111. Defendant knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she suffered an attack at work that required hospitalization, her prior use of FMLA leave for her medical condition and her request for future FMLA for her medical condition.

112. Plaintiff was notified of her termination while she was attempting to use the benefits of her health insurance plan to fill a prescription she was given by her treating physicians.

113. Further, on information and belief, Ms. Berzins was terminated while outstanding medical payments were due to the healthcare providers for her hospitalizations in association with her serious medical condition/disability.

114. Defendants retaliated/discriminated against Plaintiff by terminating her employment.

115. Defendants interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

116. Defendants' termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

117. Defendants fired Plaintiff, in whole or in part, because Defendants did not wish to bear the costs of Plaintiff's healthcare.

118. Defendants interfered with Plaintiff's right to obtain medical care.

119. Defendants discriminated against and discharged Plaintiff for exercising her

right to medical care under the company's employee benefit plan.

120.　　Defendants fired Plaintiff in violation so 29 U.S.C. § 1140.

121.　　WHEREFORE, Plaintiff CARRIE BERZINS hereby demands entry of judgment in her favor and against Defendants, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 25th day of November 2020.

> Respectfully submitted,
> **MORGAN & MORGAN, P.A.**
> s/*Paul M. Botros*
> Paul M. Botros, Esquire
> FL Bar No.: 063365
> 8151 Peters Road, Suite 4000
> Plantation, FL 33324
> Tel: 954-318-0268
> Fax: 954-327-3017
> pbotros@forthepeople.com